1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT JOHNSON,                          No.  2:14-cv-02078-WBS-AC

12              Plaintiff,

13        v.                                 ORDER AND FINDINGS &
                                             RECOMMENDATIONS
14   AMRAT K. PATEL, et al.,

15              Defendants.

16

17

18        Pending before the court is plaintiff's December 24, 2014, motion for default judgment

19   against defendants Amrat K. Patel and Damyanti A. Patel, located at America's Best Value Inn,

20   3951 Budweiser Ct., Stockton, California 95215-2301.  ECF No. 13 at 2.  The court has

21   determined that the matter shall be submitted upon the record and briefs on file and accordingly,

22   the date for hearing of this matter shall be vacated.  E.D. Cal. R. 230(g).  Upon review of the

23   docket, the motion for default judgment and all attached exhibits, THE COURT FINDS AS

24   FOLLOWS:

25                     PROCEDURAL BACKGROUND

26        Plaintiff initiated this action on September 5, 2014, alleging violations of the Americans

27   with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the California Unruh Civil Rights

28   Act, the California Disabled Persons Act, Cal. Civ. § 54–54.8, and negligence.  ECF No. 1 at 1,

1

5–9.  Certificates of service filed September 25, 2014, demonstrate that copies of the summons and complaint were served on defendants personally on September 18, 2014, at America's Best Value Inn, 3951 Budweiser Ct., Stockton, California 95215-2301.  ECF Nos. 4 & 5.  On October 30, 2014, at plaintiff's request, the Clerk entered default as to both defendants.  ECF No. 8.  On December 24, 2014, plaintiff filed the instant motion for default judgment, and served a copy of the motion by mail on the defendant at America's Best Value Inn, 3951 Budweiser Ct., Stockton, California 95215-2301.  ECF No. 13.

DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

A.      The Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

2

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."  Id. § 12182(b)(2)(A)(iv).  Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Here, plaintiff alleges (1) that he is disabled, ECF No. 1 at 1; (2) that defendants' business, America's Best Value Inn, is a place of public accommodation, id. at 2–3; (3) that plaintiff was denied access to defendants' business because of plaintiff's disability, id. at 3–4; and (4) that defendant's business has a number of architectural barriers (lack of properly configured disabled parking space(s), and accessible ramps, entrances, counters, and rooms), id. at 6–8.[1]

---

[1]  Plaintiff also asserts violations of the ADA based on defendants' failure to adhere to the California Building Code. ECF No. 1 at 6.  In support of his proposition that failure to adhere to the California Building Code can constitute a violation of the ADA, plaintiff points to the ADA Accessibility Guidelines ("ADAAG"), 36 C.F.R., Part 1191, § 502.3.3, available at http://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards-single-file#about.  Id. Section 502.3.3, which relates to the marking of disabled parking spaces, states that "[t]he method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations."  This does not, in and of itself, mean that violations of State and local building regulations related to disability also constitute violations of the ADA.  See Eiden v. Home Depot USA, Inc., No. CIVS04-977 LKK/CMK, 2006 WL 1490418, at *8 (E.D. Cal. May 26, 2006) (holding that the ADAAG regulations do not create a cause of action based on failure to comply with the California Building (continued…)

1    Plaintiff argues that whether the removal of these barriers is readily achievable is an affirmative

2    defense that is waived if not raised.  ECF No. 13 at 6–7 (citing <u>Wilson v. Haria and Gorgi Corp.</u>,

3    479 F. Supp. 2d 1127, 1133 & n.7 (E.D. Cal. 2007)).  The court finds that it does not need to

4    address the issue of whether the "ready achievability" of the barriers constitutes an affirmative

5    defense.  Regardless, 28 C.F.R. § 36.304(b) specifically lists "[i]nstalling ramps[,] . . .

6    [r]epositioning shelves[,] . . . [r]earranging . . . display racks, and other furniture[,] . . . [and]

7    [c]reating designated accessible parking spaces[,]" as examples of typical "steps to remove

8    barriers."  This means that the barriers cited by plaintiff are per se readily achievable and plaintiff

9    has therefore met his burden.

10       Because plaintiff's allegations are taken as true on default, the court finds that plaintiff has

11   made out a prima facie Title III discrimination claim.  Additionally, the court finds that the

12   majority of the <u>Eitel</u> factors weigh in favor of granting default judgment to plaintiff on that claim.

13   Therefore, the court recommends that plaintiff be granted default judgment against defendant on

14   his ADA claim and award plaintiff an injunction requiring defendant to provide the correct

15   number and type of properly configured disabled parking space(s) including a van accessible

16   disabled parking space, an accessible entrance, an accessible transaction counter, and accessible

17   rooms in accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans

18   with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36.  <u>See</u> 42

19   U.S.C. § 12188(a)(2) (authorizing injunctions under the ADA).

20   B.       <u>Unruh Civil Rights Act</u>

21       The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are

22   free and equal, and no matter what their sex, race, color, religion, ancestry, national origin,

23   disability, medical condition, marital status, or sexual orientation are entitled to the full and equal

24   accommodations, advantages, facilities, privileges, or services in all business establishments of

25   every kind whatsoever."  Cal. Civ. Code § 51(b).  To prevail on his disability discrimination

26

27   Code).  Accordingly, the court finds that plaintiff has not met his burden of establishing that
     defendants' building code violations necessarily create a cause of action for violation of the ADA.

28

4

1   claim under the Unruh Civil Rights Act, plaintiff must establish that (1) defendant denied plaintiff

2   the full and equal accommodations, advantages, facilities, privileges, or services; (2) a motivating

3   reason for defendant's conduct was plaintiff's disability, (3) plaintiff was harmed; and (4)

4   defendant's wrongful conduct was a substantial factor in causing plaintiff's injury.  California

5   Civil Jury Instructions (CACI), No. 3020.  A plaintiff who establishes a violation of the ADA

6   need not prove intentional discrimination under the Unruh Act.  See Munson v. Del Taco, Inc., 46

7   Cal. 4th 661 (Cal. 2009) (interpreting Cal. Civ. Code § 51(f), which provides "A violation of the

8   right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

9   shall also constitute a violation of this section").

10        Here, because plaintiff's complaint properly sets out the necessary elements for his ADA

11   claim, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act

12   claim.  Therefore, and because there are no policy considerations which preclude the entry of

13   default judgment on this claim, Eitel, 782 F.2d at 1471–72, the court will recommend that

14   plaintiff's motion for default judgment on his Unruh Civil Rights Act claim be granted.

15        The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000

16   per violation, and "any attorney's fees that may be determined by the court in addition thereto."

17   Cal. Civ. Code § 52(a).  Plaintiffs are entitled to recover the statutory minimum for each time: (1)

18   they are deterred from visiting a particular establishment due to defendant's noncompliance with

19   the Unruh Civil Rights Act, Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004);

20   and (2) they "actually visit[] the offending establishment," Feezor v. Del Taco, Inc., 431 F. Supp.

21   2d 1088, 1090 (S.D. Cal. 2005).  Plaintiff's motion seeks a damages award in the amount of

22   $11,925 for violation of the Unruh Civil Rights Act, including two instances of visiting

23   defendants' business for statutory violations totaling $8,000.  ECF No. 13 at 5, 11–12.  Plaintiff

24   alleges that he visited defendants' business and was denied equal access twice in April 2014, and

25   "several [unspecified] times thereafter."  Id. at 5.  Accordingly, the court will recommend that

26   plaintiff be awarded the minimum $8,000 in statutory damages in accordance with his request for

27   the two instances he visited defendants' business during April of 2014.

28   ////

1    Plaintiff also requests $3,925 in attorney's fees and costs under Title III of the ADA and

2    the Unruh Civil Rights Act.  ECF No. 13 at 14–16; ECF No. 13-4 at 2–4.  Attorney's fee awards

3    are calculated using the lodestar method whereby the hours reasonably spent in the litigation are

4    multiplied by a reasonable hourly rate.  Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1146–48

5    (9th Cir. 2001).  The hourly rate is generally calculated "according to the prevailing market rates

6    in the relevant legal community."  Blum v. Stenson, 465 U.S. 886, 895 (1984).  It is also the

7    general rule that the court will use the rates of attorneys practicing in the forum district.  Gates v.

8    Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1993).  Plaintiff requests attorney fees at an hourly

9    rate of $425 for 8.2 hours of work, along with $440 in filing fees and service costs.  ECF No. 13-

10   4 at 3.  Plaintiff claims that this is a fair rate for attorneys with similar experience in the area of

11   disability law, but does not address the prevailing market rates in the forum district.  Id. at 3–4.

12   The court has found that the prevailing rate is $250 per hour in the Sacramento division of the

13   Eastern District of California for similar services by lawyers of reasonably comparable skill,

14   experience, and reputation.  See, e.g., Loskot v. D & K Spirits, LLC, 2:10-CV -0684 WBS DAD,

15   2011 WL 567364 at *5 (E.D. Cal. Feb. 15, 2011) (citing numerous Eastern District ADA cases

16   resolved on default judgment where $250 was determined to be the reasonable rate).

17   Accordingly, the court will recommend that plaintiff be awarded $2,490 in attorney fees and

18   costs, based on an hourly rate of $250 along with $440 in filing fees and service costs. [2]

19    Based on the foregoing, IT IS HEREBY ORDERED that the January 28, 2015, hearing on

20   plaintiff's motion for default judgment is vacated; and

21    IT IS HEREBY RECOMMENDED that:

22    1.  Plaintiff's motion for default judgment on plaintiff's ADA claim and Unruh Civil

23   Rights Act claim, ECF No. 13, be granted;

24    2.  Plaintiff be awarded statutory damages in the amount of $4,000 and attorney's fees and

25   _____

26   [2]  Although plaintiff's Complaint contains claims for violation of the California Disabled Persons
     Act and negligence, plaintiff does not address those claims in his Motion for Default Judgment.

27   Accordingly, the Court only reaches plaintiff's claims for violation of the ADA and the Unruh
     Civil Rights Act.

28

1    costs in the amount of $2,490; and

2          3.  Plaintiff be granted an injunction requiring defendant to provide the correct number

3    and type of properly configured disabled parking space(s) including a van accessible disabled

4    parking space, an accessible entrance, an accessible transaction counter, and accessible rooms in

5    accordance with the ADA and the ADAAG.

6          These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

8    days after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

11   within the specified time may waive the right to appeal the District Court's order.  Turner v.

12   Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13   DATED: January 21, 2015

14                                          _____
                                            ALLISON CLAIRE
15                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28