UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>AMRAT K. PATEL; and DAMYANTI A. PATEL,<br><br>        Defendants. | NO. CIV. 2:14-02078 WBS DAD<br><br>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiff Scott Johnson, a wheelchair-bound quadriplegic, brought this action under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and related California laws, and now seeks summary judgment pursuant to Federal Rule of Civil Procedure 56.

I.    Factual and Procedural Background

Plaintiff uses a wheelchair for mobility and owns a specially equipped van with a lift that deploys from the

passenger side to accommodate his wheelchair.  (Johnson Decl. ¶¶ 2-3 (Docket No. 25-4).)  On March 27, 2014 and on four additional occasions within a two-month period, plaintiff visited the American's Best Value Inn ("Inn"), a hotel in Stockton, California owned and operated by defendants Amrat K. Patel and Damyanti A. Patel.  (Id. ¶¶ 4, 11; Pl.'s Mem. at 1.)

Plaintiff found that the two handicap parking spaces had handicap logos painted over them but did not have a tow away or fine warning near the spaces.  (Johnson Decl. ¶¶ 6, 8.)  Only one of the spaces had a pole-mounted sign indicating that it was a "Van Accessible Space" and the other did not have any kind of signage.  (Id. ¶ 6.)  The outline of the spaces and the stripes in the access aisle between the spaces were painted white or yellow instead of blue.  (Id. ¶¶ 6-8.)  The access aisle also did not contain the required "No Parking" lettering or a blue border.  (Id. ¶ 7.)  The handicap parking spaces and access aisles were not level with each other due to a built up curb ramp.  (Id. ¶ 9.)  The slope of the ramp was greater than 2.2%.  (Id. ¶ 21.)

When plaintiff returned to the Inn on April 18 and 21, 2014 in order to rent a room, plaintiff was forced to leave the ramp of his van open and down for fear of being blocked by another vehicle.  (Id. ¶ 13.)  He then encountered a ramp leading from the parking lot to the entrance that had a very steep slope.  (Id. ¶ 14.)  The entrance doorway to the business office of the Inn had panel style handles that required plaintiff to grasp and twist with his wrist, which is extremely difficult for plaintiff due to his disability.  (Id. ¶ 15.)

Upon entering, plaintiff found the transaction counter

2

was too high and he was unable to see the top of the counter. (Id. ¶ 16.) There was no lowered section of the counter for use by people in wheelchairs. (Id.) When plaintiff requested a wheelchair accessible room, he was told none were available. (Id. ¶ 17.) Plaintiff took photographs of the parking spaces, access aisle, entrance ramp, and door handle during his various visits. (Id. Ex. 3.)

Plaintiff indicates he has visited Stockton in order to shop, eat, and stay overnight on a number of occasions over the past two years and plans to continue to do so in the future. (Id. ¶ 24.) Stockton is a convenient stopping point on the drive from plaintiff's home in Carmichael to Fresno, where plaintiff's son attends school. (Johnson Suppl. Decl. ¶ 2). Plaintiff says he would like to stay at the Inn in the future, when the violations have been remedied. (Johnson Decl. ¶¶ 24-25.)

Plaintiff's lawsuit asserts four claims: (1) violations of the ADA, 42 U.S.C. § 12101 et seq.; (2) violations of California's Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code §§ 51(f), 52(a); (3) violations of the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.8; and (4) common-law negligence. (Compl. at 5-9 (Docket No. 1).) Plaintiff now moves for summary judgment on his first two claims and states in his motion that he will stipulate to dismiss his California Disabled Persons Act and negligence claims if the court grants summary judgment on his ADA and UCRA claims.[1] (Pl.'s Mem. at 3.)

---

[1] Plaintiff has not yet presented the court with a stipulation to this effect signed by both parties. As the court has previously explained in another case involving the same plaintiff, Federal Rule of Civil Procedure 15 governs the

1    Plaintiff seeks injunctive relief ordering defendants to make their facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA. (Id. at 11.)  He also seeks $8,000 in statutory damages under the UCRA, $4,000 of which is for his first five visits to the Inn and $4,000 of which is for the many times he was deterred from visiting.  (Id. at 12.)

II.  Discussion

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial.

---

unilateral withdrawal of claims.  See Johnson v. Wayside Prop., Inc., 41 F. Supp. 3d 973, 975 n.2 (E.D. Cal. 2014) (citing Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005)).  If plaintiff intends to withdraw his third and fourth claims, he must either explain why dismissal is appropriate under Rule 15 or submit a stipulation signed by both parties.

Id.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)).  To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

Defendants do not dispute that the barriers to access plaintiff identified violate the ADA.  (Defs.' Opp'n at 1 (Docket No. 27).)  Accordingly, because there is no genuine dispute regarding the existence of the barriers to access, the court will grant plaintiff's motion for summary judgment on the issue of liability under the ADA and the UCRA.[2]

---

[2] The UCRA "incorporates the substantive standards of the ADA and creates a private right of action as a matter of state law." Dep't of Fair Emp't & Hous. v. Law School Admission Council Inc., 896 F. Supp. 2d 849, 865 (N.D. Cal. 2012).  The law

Defendants contest only the amount of monetary damages plaintiff should receive under the UCRA. (Id. at 1-2.) Unlike the ADA, the UCRA permits a plaintiff aggrieved by barriers to access to recover monetary damages. Cal. Civ. Code § 52(a); Munson v. Del Taco, Inc., 46 Cal. 4th 661, 669 (2009). The UCRA generally provides for a minimum of $4,000 in statutory damages for each occasion a plaintiff has been denied full and equal access to a place of public accommodation. See Cal. Civ. Code §§ 52(a), 55.56(a).

A plaintiff is denied full and equal access if a plaintiff has "personally encountered" a violation or has been "deterred from accessing a place of public accommodation" on a particular occasion. Cal. Civ. Code § 55.56(b); Freezor v. Del Taco, Inc., 431 F. Supp. 2d 1088, 1090 (S.D. Cal. 2005)("[I]n expanding UCRA's reach beyond denial of equal access upon actual visitation to include liability for incidents of deterrence, courts have assumed that disabled plaintiffs remain entitled to damages for each time he or she has actually visited the offending establishment."). To demonstrate that the plaintiff was deterred, the plaintiff must establish both of the following:

> (1) The plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion.
> (2) The violation or violations would have actually denied the plaintiff full and equal access if the plaintiff had accessed the place of public accommodation on that particular occasion.

---

provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of [the UCRA]." Cal. Civ. Code § 51(f).

6

1  Cal. Civ. Code §§ 55.56(d)(1)-(2).
2        When a plaintiff is alleging multiple claims for
3  statutory damages, the UCRA requires the court to consider the
4  reasonableness of the plaintiff's conduct in light of his duty to
5  mitigate damages.  Section 55.56(h) applies to deterrence claims
6  and provides: "In assessing liability under subdivision (d), in
7  an action alleging multiple claims for the same construction-
8  related accessibility violation on different particular
9  occasions, the court shall consider the reasonableness of the
10 plaintiff's conduct in light of the plaintiff's obligations, if
11 any, to mitigate damages."  Cal. Civ. Code § 55.56(h).
12       In several cases in which a plaintiff was seeking
13 damages for multiple visits to a facility, the issue of
14 mitigation has precluded summary judgment.  For example, in
15 <u>Johnson v. Wayside Property, Inc.</u>, 41 F. Supp. 3d 973, 981
16 (2014), the same plaintiff contended that he was entitled to an
17 award of $8,000 for his two visits to Wayside Lumber.  This court
18 denied summary judgment on the issue of damages because there was
19 a genuine issue of fact as to whether the plaintiff mitigated
20 damages: plaintiff provided "no evidence that indicates he
21 alerted defendants to the barriers he encountered before he made
22 a second visit or that he expected the barriers to be removed
23 before he returned."
24       Similarly, in <u>Ramirez v. Sam's for Play Café</u>, Civ. No.
25 11-1370 MEJ, 2013 WL 4428858, at *8-9 (N.D. Cal. Aug. 15, 2013),
26 the court denied the plaintiffs' motion for summary judgment due
27 to a factual dispute over whether the plaintiffs mitigated
28 damages.  The court questioned whether the plaintiffs acted

7

reasonably when they chose to visit the Café three times in thirty days despite the likelihood that they would continue to encounter barriers to access.

Both of the above cases are distinguishable because they dealt with a plaintiff seeking $4,000 for each visit, not $4,000 for all visits and an additional $4,000 for deterrence as the plaintiff requests in this case. Assessing the reasonableness of a plaintiff's conduct when the plaintiff seeks damages for deterrence, not return visits, is slightly less straightforward. At a minimum, the statute suggests that the plaintiff must identify a particular occasion on which the plaintiff was reasonably dissuaded from visiting the facility due to his actual knowledge of the violation. See Johnson v. Kuo Lin, Civ. No. 2:13-01484 GEB-DAD, 2015 WL 1956532, at *3 (E.D. Cal. Apr. 29, 2015) (denying plaintiff's motion for partial summary judgment because plaintiff did not provide "facts evincing that he was deterred from visiting [d]efendants' restaurant on a 'particular occasion'").[3]

Here, plaintiff presents evidence that he had actual knowledge of violations at the Inn from his five visits. (Johnson Decl. ¶¶ 5-23.) He personally observed the noncompliant parking spaces and access lane, the steep entrance ramp, the high transaction counter, and the panel style door handle on five

---

[3] Plaintiff argues that California Civil Code subsection 55.56(h) applies only when a plaintiff seeks more than one deterrence penalty award, not when a plaintiff seeks damages for a single encounter and a single deterrence claim. (Pl.'s Reply at 5 (Docket No. 28).) Even if this interpretation of the statute is correct, it would not change the outcome under the facts of this case.

separate occasions. (Id.) Plaintiff states he was deterred from additional attempts at patronage on a number of occasions in 2014 because of the violations:

> Although I live in Carmichael, I drive down to the Stockton area on a constant and ongoing basis. I have shopped, stayed, eaten and otherwise visited Stockton on scores of occasions over the last two years and will continue to do so in the future. The Inn is conveniently located and in close proximity to the areas I frequent. Once the barriers are fixed, I will return and continue to patronize the Inn on a regular and ongoing basis.

(Id. ¶¶ 24-25). Plaintiff has thus satisfied the initial burden of establishing the absence of a genuine issue of material fact as to deterrence and the reasonableness of his conduct.

Defendants have not presented a single piece of evidence to the contrary. Defendants did not, for example, provide evidence suggesting plaintiff had any reason to believe barriers had been remediated or that his deterrence was unreasonable for some other reason. As a result, defendants failed to meet their burden of showing that there is a genuine issue of material fact for trial. Accord Yates v. Vishal Corp., Civ. No. 11-00643 JCS, 2013 WL 6073516, at *6 (N.D. Cal. Nov. 18, 2013) (awarding $4,000 for deterrence after the bench trial when the plaintiff "stated that he decided not to stay at the Hotel on at least one occasion because of [his] knowledge" of the architectural barriers at the Hotel and the defendant "presented no evidence to the contrary"); Langer v. GTAC, Inc., Civ. No. 14-1071 BTM WVG, 2015 WL 3492475, at *3 (S.D. Cal. June 3, 2015) (awarding $4,000 on a motion for default judgment because the plaintiff "states that due to the lack of a single functioning

9

compliant handicap parking space, he was deterred from patronizing" the defendants' facility and "[t]his is sufficient evidence to support an award of statutory damages in the amount of $4,000").

Accordingly, because defendants conceded liability under the ADA and the UCRA and failed to raise a genuine issue of material fact regarding the amount of statutory damages owed to plaintiff, the court will grant plaintiff's motion with respect to liability and damages.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, GRANTED. Plaintiff is hereby granted an injunction requiring defendants to make their facility readily accessible to and usable by individuals with disabilities to the extent required by the Americans With Disabilities Act of 1990. The court also awards plaintiff statutory damages in the amount of $8,000.

Dated: September 21, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE