1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11                          ----oo0oo----

12   SCOTT JOHNSON,                  CIV. NO. 2:14-2078 WBS AC

13              Plaintiff,           MEMORANDUM AND ORDER RE: MOTION
                                     FOR ATTORNEY'S FEES AND COSTS
14        v.

15   AMRAT K. PATEL; DAMYANTI A.
     PATEL,
16
                Defendants.
17

18

19                          ----oo0oo----

20        Plaintiff Scott Johnson, a wheelchair-bound

21   quadriplegic, brought this action against defendants Amrat K.

22   Patel and Damyanti A. Patel as owners and operators of America's

23   Best Value Inn, a hotel in Stockton, California.  (Docket No. 1.)

24   Plaintiff asserted violations of the Americans With Disabilities

25   Act ("ADA"), 42 U.S.C. § 12101 et seq., California's Unruh Civil

26   Rights Act ("UCRA"), Cal. Civ. Code § 51 et seq., and related

27   state-law causes of action.  (Id.)

28

                                  1

In September 2015, the court granted summary judgment in favor of plaintiff on his ADA and UCRA claims and entered judgment accordingly.  (Docket Nos. 33-34.)  Presently before the court is plaintiff's motion for $9,917.50 in attorney's fees and costs pursuant to the ADA and UCRA.  (Docket No. 36.)  While the court might have benefited somewhat from oral argument, the court is mindful of the savings to defendants if this fee motion were submitted on the briefs.  The court will, therefore, vacate the hearing set for February 22, 2016 and take the matter under submission pursuant to Eastern District Local Rule 230(g).

"The ADA authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party." Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002); see 42 U.S.C. § 12205; 28 C.F.R. § 35.175.  The court may also award attorney's fees to a prevailing party in a suit brought under the UCRA.  See Cal. Civ. Code §§ 52(a), 55.55.  Defendants do not dispute that plaintiff was the prevailing party here, but contend that a fee award of $9,917.50 is unreasonable under the circumstances. (Docket No. 44.)

To determine the amount of a reasonable attorney's fee, the court must apply a two-step analysis.  Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).  First, the court must determine what constitutes a reasonable fee using the lodestar method.  Id.  This lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  There is a "strong presumption" that the lodestar figure constitutes an appropriate fee award.  United

2

1    Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 406 (9th

2    Cir. 1990).

3         Second, the court may then adjust the lodestar figure

4    upward or downward based on a variety of factors.  Gonzalez, 729

5    F.3d at 1202.  In determining the size of an appropriate fee

6    award, the court need not "achieve auditing perfection."  Fox v.

7    Vice, 131 S.Ct. 2205, 2217 (2011).  During either of these steps,

8    the court may use estimates and take into account its overall

9    sense of the litigation to determine a reasonable fee.  Id.

10   I.   Lodestar Computation

11        A.   Reasonable Number of Hours

12        "The prevailing party has the burden of submitting

13   billing records to establish that the number of hours it has

14   requested are reasonable."  Gonzalez, 729 F.3d at 1202.  The

15   court may reduce the hours "where documentation is inadequate; if

16   the case was overstaffed and hours are duplicated; [or] if the

17   hours expended are deemed excessive or otherwise unnecessary."

18   Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.

19   1986).

20        Plaintiff has submitted a billing statement itemizing

21   the time spent by attorneys Mark Potter, Phyl Grace, Dennis

22   Price, Amanda Lockhart, and Christina Sosa.  (Pl.'s Mot. Ex. 2

23   ("Billing Statement") (Docket No. 36-3).)  The billing statement

24   indicates that Potter billed 21.6 hours, Grace 1.7 hours, Price

25   3.7 hours, Lockhart 6.6 hours, and Sosa 9.3 hours, totaling 42.9

26   hours of attorney time.  (See id.)

27        Potter billed an estimated 8.0 hours to prepare the

28   reply brief in support of the pending motion for attorney's fees

and to prepare for and attend the oral argument.  (Id. at 3.)   In plaintiff's reply brief, Potter indicates that the actual time he spent preparing plaintiff's reply brief was thirty minutes. (Pl.'s Reply at 2 (Docket No. 45).)  Because the court took the pending motion under submission and vacated the hearing, Potter did not have to expend any time preparing for or attending oral argument.  The court will therefore reduce Potter's estimated entry by 7.5 hours.  The time reasonably expended by Potter is thus reduced to 14.1 hours, and the total attorney time expended in this case is reduced to 35.4 hours.

Defendants argue that the number of hours expended are excessive by pointing to the Magistrate Judge's January 22, 2015 Order on plaintiff's motion for default judgment.  (See January 22, 2015 Order and Findings & Recs. ("January 22 Order") (Docket No. 14).)  Although plaintiff subsequently withdrew his motion for default judgment and the January 22 Order was vacated, (Docket Nos. 20, 22), that Order recommended that plaintiff's counsel be awarded $2,050 in attorney's fees for 8.2 hours expended in this case, (see January 22 Order at 6-7).  Defendants contend that very little had transpired between January 22, 2015 and now that would justify additional significant activity by plaintiff's counsel.

The billing statement in support of the pending motion indicates that the attorneys here expended an additional 27.3 hours in this litigation since the January 22 Order.  The court finds that this amount is reasonable in light of the work performed following the January 22 Order, including time spent on the Rule 26 Joint Status Report, (Docket No. 17), plaintiff's

1   motion for summary judgment, (Docket Nos. 25, 27, 31),

2   plaintiff's motion for sanctions, (Docket Nos. 26, 30), and the

3   settlement negotiations that took place, (Potter Decl. ¶¶ 3-11

4   (Docket No. 36-2); see also Docket Nos. 32, 37-38).   The court

5   thus concludes that 35.4 total hours of attorney time expended in

6   this litigation is reasonable.

7        B.   Reasonable Hourly Rate

8        The reasonable hourly rate is determined according to

9   "the prevailing market rates in the relevant community," Blum v.

10  Stenson, 465 U.S. 866, 895 (1984), "for similar work performed by

11  attorneys of comparable skill, experience, and reputation,"

12  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir.

13  1986).   The relevant legal community "is the forum in which the

14  district court sits."   Prison Legal News v. Schwarzenegger, 608

15  F.3d 446, 454 (9th Cir. 2010) (citation omitted).   The relevant

16  community in this case is the Sacramento Division of the Eastern

17  District of California.

18       The prevailing party has the burden of producing

19  sufficient evidence that its "requested rates are in line with

20  those prevailing in the community for similar services by lawyers

21  of reasonably comparable skill, experience and reputation."

22  Blum, 465 U.S. at 895 n.11; accord Gonzalez, 729 F.3d at 1206.

23  Plaintiff's counsel here seek hourly rates of $300 for Potter,

24  $175 for Grace, and $150 each for junior associates Price,

25  Lockhart, and Sosa.   (See Billing Statement; Pl.'s Mem. at 4

26  (Docket No. 36-1).)

27       "The hourly rate for successful civil rights attorneys

28  is to be calculated by considering certain factors, including the

                                  5

1   novelty and difficulty of the issues, the skill required to try

2   the case, whether or not the fee is contingent, the experience

3   held by counsel and fee awards in similar cases." Moreno v. City

4   of Sacramento, 534 F.3d 1106, 1114 (9th Cir. 2008).  While

5   disability access cases are a subset of civil rights practice,

6   the reasonable hourly rate merited in routine disability access

7   cases typically falls below the hourly rate charged in more

8   complicated civil rights cases.  See Johnson v. Wayside Prop.,

9   Inc., Civ. No. 2:13-1610 WBS AC, 2014 WL 6634324, at *6 (E.D.

10  Cal. Nov. 21, 2014).

11          Plaintiff's counsel acknowledge that this case involved

12  a fairly straight-forward application of the law, and that it did

13  not present novel or difficult issues requiring a high level of

14  skill or specialization.  (Pl.'s Mem. at 6-7.)  The court has

15  also examined the experience of Potter, Grace, and Lockhart in

16  previous, unrelated disability access cases brought by plaintiff

17  and found that hourly rates of $300 for Potter, $175 for Grace,

18  and $150 for Lockhart were reasonable.  Wayside, 2014 WL 6634324,

19  at *8; Johnson v. Allied Trailer Supply, Civ. No. 2:13-1544 WBS

20  EFB, 2014 WL 1334006, at *6 (E.D. Cal. Apr. 3, 2014).

21          Potter is the managing partner of the Center for

22  Disability Access ("CDA"), has litigated over 2,000 disability

23  cases, and has practiced disability litigation for over twenty

24  years.  (Potter Decl. ¶ 2); Wayside, 2014 WL 6634324, at *5.

25  Grace is an associate at CDA with twenty years of experience, and

26  Lockhart is an associate who was admitted to the practice of law

27  in June 2013.  Wayside, 2014 WL 6634324, at *5.

28          Plaintiff's counsel do not cite any new cases finding

1   that the reasonable hourly rate in Sacramento for attorneys in a

2   routine disability access case exceeds the rates approved in

3   Wayside and Allied Trailer Supply.  Nor do counsel provide any

4   new evidence showing that Sacramento attorneys representing

5   plaintiffs in routine disability access cases charge rates in

6   excess of those approved in Wayside and Allied Trailer Supply.

7   Consistent with the court's prior opinions, therefore,

8   the court finds that the requested hourly rates of $300 for

9   Potter, $175 for Grace, and $150 for Lockhart are reasonable in

10  this case.  In the absence of any evidence regarding Price and

11  Sosa's qualifications, the court finds that the requested hourly

12  rate of $150 for Price and Sosa are also reasonable here.  See

13  Joe Hand Promotions, Inc. v. Albright, Civ. No. 2:11-2260 WBS

14  CMK, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013).

15  Accordingly the lodestar in this case is $7,467.50,

16  calculated as follows:

17  Potter:      14.1  x  $300   =   $ 4,230.00

18  Grace:        1.7  x  $175   =   $   297.50

19  Price:        3.7  x  $150   =   $   555.00

20  Lockhart:     6.6  x  $150   =   $   990.00

21  Sosa:         9.3  x  $150   =   $ 1,395.00

22                                   $ 7,467.50

23  II.  Adjustments to the Lodestar

24  Plaintiff's counsel do not seek an adjustment or

25  multiplier to the lodestar amount.  (Pl.'s Mem. at 6.)[1]

26  _____

27  [1]  Although plaintiff's counsel do not seek an adjustment
    to the lodestar, they address the relevant factors under Hensley,
    461 U.S. at 430 n.3.  (Id. 5-10.)  As to the undesirability of

28  the case, counsel indicate that the "clientele is largely (as in

1   Defendants argue that Potter's fee request should be reduced by

2   fifty percent because this was not a complicated case and because

3   most of Potter's billed tasks could have been performed by more

4   junior attorneys at lower hourly rates.  The Ninth Circuit has

5   held that the court "may not attempt to impose its own judgment

6   regarding the best way to operate a law firm, nor to determine if

7   different staffing decisions might have led to different fee

8   requests."  Moreno, 534 F.3d at 1115.  "The difficulty and skill

9   level of the work performed, and the result achieved--not whether

10  it would have been cheaper to delegate the work to other

11  attorneys--must drive the district court's decision."  Id.

12        The court's task is thus to evaluate the reasonableness

13  of the time expended by the billing attorney, not assess whether

14  another attorney could have completed the task for the same or

15  less expense.  For the reasons previously discussed, and because

16  of the strong presumption that the lodestar figure constitutes an

17  appropriate fee amount, the court concludes that no further

18  adjustment to the lodestar is warranted.

19  III. Costs

20        Plaintiff also seeks costs in the amount of $200 for

21  pre-filing investigation expenses.  (See Pl.'s Mem. at 5, 10;

22  Potter Decl. ¶ 12; Billing Statement at 1.)  Defendants do not

23  object to these costs and the court will therefore award them to

24  plaintiff.  See Wayside, 2014 WL 6634324, at *9.

25  _____

26  the present case) very low income or indigent."  (Id. at 9.)  The
    plaintiff in this case has successfully brought hundreds of
27  disability access cases in this court alone.  It is therefore an
    insult to the intelligence of this court to suggest that he is
28  "very low income or indigent."

8

IT IS THEREFORE ORDERED that:

(1) plaintiff's motion for attorney's fees and costs (Docket No. 36) be, and the same hereby is, GRANTED in part;

(2) defendants are directed to pay $7,467.50 in fees and $200.00 in costs to plaintiff; and

(3) the hearing set for February 22, 2016 is hereby VACATED.

Dated:  February 23, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE